UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00062-GNS-HBB

ALLEN WAYNE HATCHER                                                                                           PETITIONER

v.

ANNA VALENTINE, Warden                                                                                     RESPONDENT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondent's Objection (DN 21) and Petitioner's Objection (DN 22) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 20) relating to Respondent's Motion to Dismiss (DN 11). The matter is ripe for adjudication. For the reasons that follow, the objections are **OVERRULED**.

### I.   BACKGROUND

In 2005, Petitioner Allen Wayne Hatcher ("Hatcher") was convicted by a jury of murder and numerous drug charges, and was sentenced to a total term of 30 years imprisonment. *See Hatcher v. Commonwealth*, No. 2015-SC-000258-MR, 2016 WL 3370999, at *2 (Ky. June 16, 2016). The conviction was affirmed on direct appeal to the Kentucky Supreme Court. *See Hatcher v. Commonwealth*, No. 2005-SC-000623-MR, 2006 WL 2456354, at *4 (Ky. Aug. 24, 2006).

In 2007, Hatcher moved for habeas relief pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the Eastern District of Kentucky. (*See* Pet. Writ Habeas Corpus, *Hatcher v. Motley*, No. 0:07-cv-00088-HRW-EBA (E.D. Ky. Aug. 3, 2007), DN 1). Because the petition

was filed in the wrong District, the petition was transferred to this Court, which was later dismissed at Hatcher's request. (Order, *Hatcher v. Motley*, No. 0:07-cv-00088-HRW-EBA (E.D. Ky. Aug. 8, 2007), DN 3; Order, *Hatcher v. Motley*, No. 1:07-cv-00136-JHM-ERG (W.D. Ky. May 3, 2010), DN 70).

In 2008, Hatcher moved for post-conviction relief under Ky. R. Crim. P. ("RCr") 11.42. *See Hatcher v. Commonwealth*, 310 S.W.3d 691, 696 (Ky. 2010). In his motion, Hatcher argued that his trial counsel was ineffective, and the trial court denied the motion. *See id*. On appeal, the Kentucky Court of Appeals reversed Hatcher's conviction on the murder charge and remanded the charge for a new trial. *See id.* at 702-03.

In 2015, Hatcher was again convicted of murder and sentenced to life imprisonment. *See Hatcher*, 2016 WL 3370999, at *3. The Supreme Court affirmed the conviction on June 16, 2016. *See id.* at *9.

In 2018, Hatcher moved for post-conviction relief under RCr 11.42 and Ky. R. Civ. P. 60.02 relating to his second trial. *See Hatcher v. Commonwealth*, Nos. 2018-CA-001537-MR & 2019-CA-000329-MR, 2020 WL 1490759, at *4 (Ky. App. Mar. 27, 2020). After the trial court denied the motions, the Kentucky Court of Appeals affirmed those orders. *See id.* at *9.

On April 10, 2020, Hatcher filed the Petition for Writ of Habeas Corpus in this Court. (Pet., DN 1). Respondent then moved to dismiss the Petition as untimely. (Resp't's Mot. Dismiss, DN 11).

In the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R&R"), the Magistrate Judge concluded the Hatcher's Petition was time-barred. (R. & R. 15, DN 20). The Magistrate Judge found that the one-year limitations period in 28 U.S.C. § 2244 began running on September 14, 2016, which was ninety days after the Kentucky Supreme

Court's decision affirming his conviction from the second trial and after the deadline to petition for a writ of certiorari to the U.S. Supreme Court. (R. & R. 8). Accordingly, the limitations period expired on September 14, 2017. (R. & R. 8).

The Magistrate Judge also considered whether equitable tolling applied. (R. & R. 9-14). The Magistrate Judge concluded that Hatcher had been diligent in pursuing his rights but that Hatcher had failed to show extraordinary circumstances warranting the application of equitable tolling. (R. & R. 10-14). Accordingly, the Magistrate Judge recommended the dismissal of the Petition. (R. &. R. 15). In his Objection, Hatcher asserts that the Magistrate Judge erred in concluding that equitable tolling did not apply. (Pet'r's Obj. 2-7, DN 22). Respondent also filed a document styled as an objection even though Respondent does not raise any substantive objection in her submission. (Resp't's Obj. 1, DN 21).

## II. JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254(a).

## III. STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a United States magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id*.

## IV. DISCUSSION

In relevant part, 28 U.S.C. § 2244 provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In the R&R, the Magistrate Judge concluded that the limitations period expired on September 14, 2017, and Hatcher's RCr 11.42 motion filed on January 23, 2018, was of no moment because the limitations period had already lapsed by 131 days. (R. & R. 8).

Because the statute of limitations is not jurisdictional, it is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). The doctrine of equitable tolling, however, should be applied "sparingly," and the petitioner "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations omitted). A petitioner must prove two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the R&R, the Magistrate Judge concluded that Hatcher was diligent in pursuing his rights but failed to show extraordinary circumstances. (R. & R. 10-14). In his Objection, Hatcher argues that he satisfied the second prong. (Pet'r's Obj. 2-6). Hatcher challenges the contention that he should have filed a barebones federal habeas petition during the time in which he lacked access to his personal legal papers. (Pet'r's Obj. 3). He instead contends that his lack of access to his legal papers and his surgery qualify as extraordinary circumstances, and Hatcher asserts that the Magistrate Judge relied on distinguishable case law relating to inaccessibility to a law library and legal materials. (Pet'r's Obj. 2-6). Hatcher also contends that he is entitled to a certificate of appealability. (Pet'r's Obj. 6-7).

The Court agrees with the Magistrate Judge that Hatcher has not demonstrated that such circumstances stood in his way of timely filing a federal habeas petition, even when considering the circumstances in the aggregate. As a sister court has noted:

> Courts have held that a lack of access to personal legal materials standing alone does not constitute an extraordinary circumstance. As the Sixth Circuit has observed, the Rules Governing Section 2254 Cases "seem to envision that petitioners may at times have to file their petitions without having had access to the state-court record."

*Bowling v. Lee*, No. 2:17-CV-35-RLJ-MCLC, 2018 WL 1595789, at *5 (E.D. Tenn. Mar. 30, 2018) (internal citations omitted) (quoting *Hall*, 662 F.3d at 751); *see also Stennis v. Place*, No. 16-CV-14262, 2018 WL 3390444, at *4 (E.D. Mich. July 12, 2018) ("[The] petitioner fails to specify how he attempted to timely pursue habeas relief during the relevant time period (with or without access to this legal materials), when he obtained access to his legal materials, and or how the lack of access to those materials for a portion of the one-year period prevented him from timely filing his habeas petition. To be sure, even while in administrative segregation without his legal paperwork (and nearing the end of the one-year period), the petitioner could have timely

5

submitted a 'bare bones' habeas petition listing his claims and later supplementing his pleadings as necessary. Equitable tolling is not warranted under such circumstances."); *Grayson v. Grayson*, 185 F. Supp. 2d. 747, 751 (E.D. Mich. 2002) ("The alleged denial of access to legal materials would not be an exceptional circumstance warranting the equitable tolling of the one year limitations period. The right of access to the courts has never been equated with the access to legal materials." (internal citation omitted) (citation omitted)).

While Hatcher did have surgery in May 2017 and was housed in a different area of the prison while he recovered, the record shows that he was still able to write and send communications. On June 14, 2017, he wrote the DPA to request an attorney to handle the filing of a RCr 11.42 motion on his behalf. (Pet'r's Resp. Resp't's Mot. Dismiss Ex. 3, DN 17-1). On August 16, 2017, and September 12, 2017, Hatcher wrote letters to Lieutenant Pollock inquiring about the search for Hatcher's legal papers. (Pet'r's Resp. Resp't's Mot. Dismiss Ex. 4, DN 17-1; Pet'r's Resp. Resp't's Mot. Dismiss Ex. 5, DN 17-1). Thus, Hatcher has not shown how his lack of access to his personal legal papers or his surgery prevented him from filing at least a barebones habeas petition in this Court before expiration of the limitations period in Section 2244.

Therefore, even considering these circumstances in the aggregate, the Court is satisfied that these circumstances do not constitute extraordinary circumstances. Hatcher's Objection will be overruled.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court established a two-prong test that is used to determine whether a certificate of appealability should be issued when a writ of habeas corpus is denied on procedural grounds. *See id*. at 484-85. To satisfy the test, the petitioner must show that: (1) "jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484. Because Hatcher's Petition is clearly time-barred and not subject to equitable tolling, no reasonable jurists would find it debatable that this Court's determination was incorrect. Therefore, Hatcher is not entitled to a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Respondent's Objection (DN 21) and Petitioner's Objection (DN 22) are **OVERRULED**.

2. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 20) is **ADOPTED** as and for the opinion of the Court.

3. Respondent's Motion to Dismiss (DN 11) is **GRANTED**, and Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED** as untimely.

4. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

5. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 2, 2021

cc: counsel of record
Plaintiff, *pro se*